# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 1, 2009

Charles R. Fulbruge III
Clerk

No. 08-10913
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JAMES DANIEL MOORE

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:08-CR-05-ALL

Before JONES, Chief Judge, and DENNIS and HAYNES, Circuit Judges.

PER CURIAM:[*]

James Daniel Moore appeals the 151-month sentence he received for transporting or shipping four images of child pornography in violation of 18 U.S.C. § 2252(a)(1). He asserts that the district court committed significant procedural errors by imposing two enhancements under the Sentencing Guidelines. He asserts that the court clearly erred by finding that his possession of a sadistic or violent image on the same computer that was used to transport the four images was relevant conduct under U.S.S.G. § 1B1.3. The evidence

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

supports the district court's finding that Moore possessed the sadistic image and the other four images as part of a common scheme or plan to use file-sharing software to search for, download, and view child pornography and then to delete it. Because it was plausible from the record either that Moore possessed the sadistic image using the same modus operandi he used for the four downloaded images, or that his possession of the sadistic image was part of a series of ongoing offenses, the district court did not clearly err in finding that the sadistic image was relevant conduct. *See United States v. Ekanem*, 555 F.3d 172, 175 (5th Cir. 2009); § 1B1.3, cmt. (n.9(A), (B)).

Moore also asserts that the district court clearly erred in imposing a five-level enhancement under U.S.S.G. § 2G2.2 by finding that he transported the four images in expectation of receiving a thing of value. Where, as here, the defendant uses file-sharing software to obtain images of child pornography, "there is a natural expectation that he will do his bit for the relationship by sending or continuing to send his own images in return." *United States v. Sistrunk*, 37 F. App'x. 88, *1 (5th Cir. 2002) (unpublished).[1] The district court need not find that the transfer of child pornography was "made on a strict, quid pro quo basis." *Id.*

The file-sharing software allowed Moore to access images of child pornography from others' computers and to make his own images available for download by others. The record established that he was a knowledgeable computer user who understood the purpose of file-sharing software and how it worked. He admitted using the software to obtain child pornography. There was no indication that he sought to disable the feature of the software that allowed others to download images from his computer. The district court's

---

[1] Although this court's unpublished opinions are not precedential, we may cite them for their persuasive value and to maintain consistency in circuit law.

finding thus was plausible in light of record, and there was no clear error. *See Ekanem*, 555 F.3d at 175.

**AFFIRMED**.