# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
December 29, 2011

Lyle W. Cayce
Clerk

No. 10-51047
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RYAN C. NIELSON,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:10-CR-16-1

Before WIENER, GARZA, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Ryan C. Nielson was convicted of possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2) and 2256(8)(A), for which he was sentenced to 104 months of imprisonment and five years of supervised release. He contends that the district court erred by determining that he distributed child pornography for purposes of the enhancement in U.S.S.G. § 2G2.2(b)(3)(F).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The issues that Nielson raises on appeal were not raised in the district court. In addition, any error might have been invited. In an abundance of caution, however, we will review this claim of error for plain error. *See United States v. Fernandez-Cusco*, 447 F.3d 382, 384 (5th Cir. 2006); *United States v. Cabral-Castillo*, 35 F.3d 182, 188-89 (5th Cir. 1994). To show plain error, Nielson must show that the error was clear or obvious and affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 129 S. Ct. 1423, 1429 (2009). If he makes such a showing, we have the discretion to correct the error but only if it "'seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.'" *Id.* (alteration in original) (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)).

Sentences are reviewed for procedural error and substantive reasonableness. *Gall v. United States*, 552 U.S. 38, 51 (2007). The district court commits a significant procedural error by improperly calculating the guidelines range. *Id.*

We review the district court's interpretation or application of the Guidelines de novo and its factual findings for clear error. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). A finding of fact is not clearly erroneous if it is plausible in light of the entire record. *Id.*

The government has the burden of proving by a preponderance of the evidence the facts that support a sentencing enhancement. *United States v. Rodriguez*, 523 F.3d 519, 524 (5th Cir. 2008). A preponderance of the evidence means only that it is more likely than not that a fact is true. *United States v. Barksdale-Contreras*, 972 F.2d 111, 115 (5th Cir. 1992).

A defendant may receive a two-level increase in offense level if his offense involved distribution, which is defined as "any act, including possession with intent to distribute, production, transmission, advertisement, and transportation, related to the transfer of material involving the sexual exploitation of a minor. Accordingly, distribution includes posting material

involving the sexual exploitation of a minor on a website for public viewing . . . ." § 2G2.2(b)(3)(F) & cmt. n.1.  The enhancement was thus applicable in this case if the government proved by a preponderance of the evidence that a torrent containing child pornography was uploaded from Nielson's computer to the file-sharing network.

A torrent is a means of internet-based file sharing in which each user participating in the file-sharing network simultaneously uploads and downloads pieces of the shared files, allowing for the most rapid and efficient distribution of the files to the participating users.  The evidence at the sentencing hearing showed that half of the torrents that Nielson downloaded to his computer contained child pornography, that a torrent is automatically uploaded as it is downloaded, that torrents were uploaded from Nielson's computer, and that it was customary in the file-sharing community to permit torrents to be shared. There was some question as to whether the settings on Nielson's computer at the time it was seized would have prevented a torrent from being uploaded, and Nielson specifically stated that he changed the default settings to prevent his child pornography torrents from being uploaded.  At best, however, Nielson's unsworn statement created a credibility question for the district court.  *See United States v. Alfaro*, 919 F.2d 962, 967 (5th Cir. 1990).  The district court implicitly accepted the facts as presented by the government's expert and concluded that it was more likely than not that a torrent containing child pornography was uploaded to the file-sharing network.  Such a resolution was plausible in light of the record as a whole and, accordingly, did not constitute clear error.

There was no error, plain or otherwise, in applying the enhancement in § 2G2.2(b)(3)(F).  The judgment of the district court is AFFIRMED.