**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10003 |
| Plaintiff - Appellee, | |
| v. | D.C. No. 1:07-cr-00293-AWI |
| JAMES ERIC SCHEIDT, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, Chief Judge, Presiding

Submitted December 19, 2011[**]

Before:    GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

James Eric Scheidt appeals from the 324-month sentence imposed following

his guilty-plea conviction for receipt or distribution of material involving the

sexual exploitation of minors, in violation of 18 U.S.C. § 2252(a)(2). We have

jurisdiction under 28 U.S.C. § 1291, and we vacate and remand.

Scheidt contends that the district court plainly erred by including, in its

calculation of his advisory Sentencing Guidelines range, four points related to

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

distribution of child pornography under U.S.S.G. §§ 2G2.2(b)(1) and

2G2.2(b)(3)(F). We have not yet resolved the issue of whether the use of a file-

sharing program, without more, can support the award of distribution points under

section 2G2.2(b). Accordingly, any error on the district court's part cannot be

deemed to have been plain. *See United States v. Olano*, 507 U.S. 725, 734 (1993)

(no plain error unless error is clear under "current law"); *United States v.*

*Thompson*, 82 F.3d 849, 856 (9th Cir. 1996) ("Because of the circuit split, the lack

of controlling authority, and the fact that there is at least some room for doubt

about the outcome of this issue, we cannot brand the court's failure to exclude the

evidence 'plain error.'"). Nonetheless, the government concedes that there was

error and that it would have conceded the distribution issue had counsel objected at

sentencing. Accordingly, the better course is for us to remand for consideration of

this issue in the first instance.

Scheidt also contends that the district court's restitution order should be

vacated, as there was no evidence that his crime proximately caused quantifiable

losses, or indeed any losses, to the named victims. After the entry of judgment

below, we decided *United States v. Kennedy*, 643 F.3d 1251 (9th Cir. 2011), which

set forth a framework for analyzing mandatory restitution orders under

18 U.S.C. § 2259.  On remand, the district court shall revisit its restitution order in light of the framework set forth in *Kennedy*.

In view of the remand, it is unnecessary to reach Scheidt's remaining contentions.

**VACATED and REMANDED.**