[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11346
Non-Argument Calendar
_____

D.C. Docket No. 2:11-cr-14044-KMM-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID HAYDEN,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 4, 2013)

Before WILSON, ANDERSON, and EDMONDSON, Circuit Judges.

PER CURIAM:

David Hayden appeals his conviction and sentence for receipt of child

pornography, in violation of 18 U.S.C. § 2252(a)(2). Mr. Hayden never contended

that his computers contained no images and videos of child pornography.  He contended they had been downloaded unintentionally.

Before trial, the district court denied Hayden's request for individualized *voir dire* and declined to ask potential jurors the specific questions Hayden submitted to the court.  At trial, during Detective Brian Broughton's testimony, the government introduced into evidence the search warrant from the case and the affidavit used to obtain the search warrant.

The government called Dr. Philip Colaizzo (a medical doctor) to testify about the ages of the persons in the pornography videos found on Hayden's computer and about the impact on the victims, based on his experience in the subject area.  The government also had Detective James Hotsinpiller, Major John Crozier, and Detective Kevin Wiens testify about the ages of the persons in the videos, and about the impact on the victims, based on their identifications and interactions with specific victims from the videos.

At sentencing, the district court denied Hayden's objections about his intent to distribute child pornography, which resulted in the application of a two-level enhancement instead of a two-level reduction.  After the district court heard Hayden's allocution, it resolved a government objection that resulted in the application of a two-level obstruction of justice enhancement.  The district court imposed a 240-month guideline sentence.

Hayden raises seven issues on appeal.

## I.

First, Hayden argues that individualized *voir dire* was necessary in this case because of the sensitive nature of the offense. We review a district court's conduct of *voir dire* for abuse of discretion. *United States v. Vera*, 701 F.2d 1349, 1355 (11th Cir. 1983). The district court's discretion includes whether to submit a party's proposed questions to the venire. *United States v. Tegzes*, 715 F.2d 505, 507 (11th Cir. 1983). The purpose of *voir dire* is to allow the defendant to evaluate the prospective jurors and select a fair and impartial jury. *Vera*, 701 F.2d at 1355. The proper inquiry is whether the overall examination affords the defendant the protection sought. *Tegzes*, 715 F.2d at 507. A district court does not abuse its discretion unless it unreasonably fails to assure that prejudice would be discovered if present. *Id.*

Here, the district court identified all biases in the potential jurors, ensured that the jury would follow the applicable law, and instructed the jury that they must reach a judgment based solely on the evidence. The *voir dire* process in this case provided reasonable assurances that any existing prejudices held by potential jurors were discovered, and the process adequately protected Hayden's right to an

impartial jury. *See Tegzes*, 715 F.2d at 507. Thus, the district court did not abuse its discretion in conducting *voir dire*.

## II.

Next, Hayden contends that the district court erred in admitting the testimonies of Colaizzo, Hotsinpiller, Crozier, and Wiens because they were prejudicial, irrelevant, and inflammatory. He asserts that the only relevant issue was whether he knowingly received child pornography; so the statements on the ages and impacts on the victims should not have been allowed. He also says the government improperly relied on profile evidence to overemphasize the seriousness of his offense. He contends that all of these evidentiary errors constituted cumulative error.

Because Hayden, at trial, failed to object to the admissibility of this testimony on the grounds of relevancy or prejudice, we review for plain error only. *See United States v. Dennis*, 786 F.2d 1029, 1042 (11th Cir. 1986). Under plain error review, the defendant must show: "'(1) error, (2) that is plain, and (3) that affects substantial rights.'" *United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir. 2005) (citation omitted). We may then exercise our discretion to notice a forfeited error, but only if "'the error seriously affects the fairness, integrity, or

public reputation of judicial proceedings.'" *Id.* (citation omitted).  Under the plain error standard, error affects a defendant's substantial rights where that error affected the outcome of the case.  *United States v. Olano*, 507 U.S. 725, 734, 113 S.Ct. 1770, 1778, 123 L.Ed.2d 508 (1993).  No plain error can exist where no statute, rule, or binding precedent in this Court already directly resolved the issue. *United States v. Lejarde-Rada*, 319 F.3d 1288, 1291 (11th Cir. 2003).

Under the cumulative error doctrine, an aggregation of otherwise non-reversible errors may allow for reversal based on the denial of a constitutional right to a fair trial.  *United States v. Baker*, 432 F.3d 1189, 1223 (11th Cir. 2005). The harmlessness of cumulative error is determined by assessing whether the defendant's substantial rights were affected.  *Id.*

Section 2252(a)(2) prohibits a person from knowingly receiving or distributing any depiction of minors engaging in sexually explicit conduct in a manner that affects interstate commerce, including the use of a computer.  18 U.S.C. § 2252(a)(2).  Sexually explicit conduct is defined as actual or simulated sexual intercourse, bestiality, masturbation, sadistic or masochistic abuse, or lascivious exhibition of the genitals or pubic area of any person.  18 U.S.C. § 2256(2)(B).  In the context of sentencing, we have previously held that images depicting young children being subjected to a painful sexual act, which included

5

vaginal or anal penetration by an adult male, are sadistic. *United States v. Bender*, 290 F.3d 1279, 1286 (11th Cir. 2002).

Rule 401 of the Federal Rules of Evidence defines relevant evidence as evidence having any tendency to make a fact of consequence more or less probable than it would be without the evidence. Fed.R.Evid. 401. Rule 403 provides that relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. Fed.R.Evid. 403. We have cautioned that a Rule 403 expulsion is an extraordinary remedy that a district court should invoke sparingly and that the balance should be struck in favor of admissibility. *United States v. Dodds*, 347 F.3d 893, 897 (11th Cir. 2003). As a result, we view evidence in the light most favorable to its admission, maximizing its probative value and minimizing its undue prejudicial impact. *Id.*

Although Hayden did not dispute that his computer contained child pornography, he argued that he received those images and videos by mistake. Given Hayden's defense, the testimony from Colaizzo, Hotsinpiller, Crozier, and Wiens about the ages of the victims and the pervasiveness of images containing minors on Hayden's computer was pertinent to show that Hayden's receipt of child pornography was made knowingly, not unintentionally. Viewing the evidence in the light most favorable to its admission, the probative value was not substantially outweighed by the unfair prejudicial impact. *See* Fed.R.Evid. 403; *Dodds*, 347

6

F.3d at 897.  And Hayden has failed to show that the district court plainly erred by allowing testimony about victim impact.

The alleged profile -- the profile of persons receiving of child pornography -- evidence concerned previously identified search terms associated with child pornography, terms that were used by Hayden.  Even assuming error occurred, other sufficient evidence sustained Hayden's conviction, and his substantial rights were not affected.  *See Olano*, 507 U.S. at 734, 113 S.Ct. at 1778; *see Baker*, 432 F.3d at 1223.  Thus, the admission of the statements did not constitute error.

III.

Hayden asserts that the district court also erred by admitting the search warrant and its supporting affidavit into evidence because they impermissibly bolstered the credibility of the government's case.  Relying on *United States v. Pendas-Martinez*, 845 F.2d 938 (11th Cir. 1988), he also argues that these documents were inadmissible hearsay.  Because Hayden raises this argument for the first time on appeal, our review is for plain error.  *See United States v. Chilcote*, 724 F.2d 1498, 1503 (11th Cir. 1984).

Rule 802 of the Federal Rules of Evidence establishes that hearsay is generally not admissible unless explicitly allowed.  Fed.R.Evid. 802.  Rule 801

7

defines hearsay as an out of court statement offered for the truth of the matter asserted.  Fed.R.Evid. 801.

In *Pendas-Martinez*, we remanded the case for a new trial on the basis that the district court abused its discretion by admitting Coast Guard reports that represented written summaries of the government's case.  *Pendas-Martinez*, 845 F.2d at 939.  Relying on *United States v. Brown*, 451 F.2d 1231 (5th Cir. 1971), we concluded that, despite the strength of the evidence against the defendants, the error was not harmless because the jury was essentially given a condensed summary of the government's whole case: it was as if the government's witnesses had accompanied the jury to the jury room.  *Pendas-Martinez*, 845 F.2d at 945.

Hayden has identified no controlling authority that establishes that the introduction of an affidavit used to obtain a search warrant is unfairly prejudicial such that it constitutes reversible error.  *See Lejarde-Rada*, 319 F.3d at 1291. Further, the prejudicial effect of the admission of these documents did not affect the outcome of the case.  *See Olano*, 507 U.S. at 734, 113 S.Ct. at 1778.

*Pendas-Martinez* involved the admission of a Coast Guard report rather than a search warrant and its affidavit: and no binding precedent in this Court directly resolved the pertinent evidentiary issue in Hayden's favor.  *See Lejarde-Rada*, 319 F.3d at 1291.  The district court did not commit plain error in admitting the affidavit and search warrant.

8

IV.

Hayden argues that the district court impermissibly admitted Broughton's testimony as an opinion on the ultimate issue of fact. Hayden states that Boughton's statement -- that he became involved in the investigation after another detective gave him videos that "were illegal in nature and part of the case of an IP that [other police officers] had identified that was possessing and distributing child pornography" -- was prejudicial because it offered a legal opinion of Hayden's guilt. He again argues that all of the evidentiary errors constituted cumulative error. Hayden failed to raise an objection at trial so our review is for plain error. *See Chilcote*, 724 F.2d at 1503.

Under Rule 701 of the Federal Rules of Evidence, opinion testimony offered by a lay witness is admissible when the opinion is (1) rationally based on the perception of the witness; (2) helpful to a clear understanding of the testimony or the determination of a fact in issue; and (3) not based on scientific, technical, or other specialized knowledge. Fed.R.Evid. 701. Rule 704 states that a witness may give an opinion on an ultimate issue, except that an expert witness may not offer an opinion on the mental state of the defendant in a criminal case. Fed.R.Evid. 704; *see United States v. Dulcio*, 441 F.3d 1269, 1274 (11th Cir. 2006).

Here, there was no plain error in admitting Detective Broughton's statement because it was presented as a background detail to explain why Broughton became involved in the pertinent investigation rather than a genuine opinion on Hayden's ultimate guilt; and Broughton was not an expert witness. *See Dulcio*, 441 F.3d at 1274. Because there was no error here and, as discussed above, Hayden's substantial rights were not affected, there was no cumulative error. *See Baker*, 432 F.3d at 1223.

## V.

About sentencing, Hayden contends that the district court erred in applying a two-level distribution enhancement and denying a two-level reduction for lack of intent to distribute. In support of both claims, he argues that the evidence showed that he took affirmative steps to prevent his computer from sharing files.

The application of the Guidelines to the facts as found by the district court is a question of law that we review *de novo*. *United States v. McGarity*, 669 F.3d 1218, 1232 (11th Cir.), *cert. denied*, 133 S.Ct. 378 (2012). A court's determination of the facts that support an enhancement is a finding of fact subject to the clearly erroneous standard. *Id*. Because Hayden failed to object to the alleged sentencing errors before the district court, however, we review for plain error. *See id.*

Section 2G2.2(b)(3)(F) of the Sentencing Guidelines provides for a two-level enhancement where a person distributed child pornography. U.S.S.G. § 2G2.2(b)(3)(F). Section 2G2.2(b)(1) provides for a two-level reduction where the defendant's conduct was limited to the receipt or solicitation of child pornography, and the defendant did not intend to distribute the pornographic material. U.S.S.G. § 2G2.2(b)(1).

The evidence showed that Hayden allowed other computers to download files from his computer and that other computers did actually download child pornography files from his computer. Though Hayden argues that he did not intend to distribute child pornography, the only evidence supporting his argument shows that he only prevented his computer from sharing certain types of files. Because neither § 2G2.2(b)(3)(F) nor the application notes impose an intent requirement, the district court properly applied the enhancement.

For the same reasons, the district court did not commit plain error by denying the lack of distribution reduction. First, Hayden does not identify a controlling authority that establishes the district court erred by failing to grant this reduction. *See Lejarde-Rada*, 319 F.3d at 1291. Even under an abuse of discretion standard, the district court could have reasonably concluded that Hayden knew his computer allowed other computers to receive child pornography from him. As such, there were no errors with Hayden's Guideline calculation.

11

VI.

Hayden also argues that the district court did not correctly satisfy its requirement to provide him with time for allocution because it allowed the government to argue for an obstruction of justice enhancement after his allocution.

Hayden raises this issue for the first time on appeal. A sentencing issue not raised in the district court is reviewed for plain error. *United States v. Dorman*, 488 F.3d 936, 942 (11th Cir. 2007). The Federal Rules of Criminal Procedure require a district court to provide a defendant with an opportunity to speak before imposing a sentence. Fed.R.Crim.P. 32(i)(4)(A)(ii). During that time, the defendant may present any information to mitigate the sentence. *Id.* Hayden was allowed to speak to the sentencing court.

Hayden has identified no controlling authority that establishes that the district court committed reversible error by not offering him a second opportunity to allocute after the obstruction of justice enhancement was imposed. *See Lejarde-Rada*, 319 F.3d at 1291. Any harm that might have been suffered by Hayden due to the placement of his remarks was mitigated by the fact that he was allowed to present argument opposing the obstruction enhancement, and he has not identified what other factors he could have brought to the district court's attention.

12

VII.

Finally, Hayden asserts that this sentence was substantively unreasonable. He contends that the district court failed to consider and apply the 18 U.S.C. § 3553(a) factors. He argues that the child pornography guidelines are fundamentally flawed and inconsistent with the statutory goals of sentencing.

We review the reasonableness of a sentence under a deferential abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 41, 128 S.Ct. 586, 591, 169 L.Ed.2d 445 (2007). We may "set aside a sentence only if we determine, after giving a full measure of deference to the sentencing judge, that the sentence imposed truly is unreasonable." *United States v. Irey*, 612 F.3d 1160, 1191 (11th Cir. 2010) (*en banc*).

Briefly stated, the district court must impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. 18 U.S.C. § 3553(a)(2). In imposing a particular sentence, the court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the

13

pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. 18 U.S.C. § 3553(a)(1), (3)-(7).

"The party challenging the sentence bears the burden to show it is unreasonable in light of the record and the § 3553(a) factors." *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010). Although we do not apply a presumption of reasonableness for sentences falling within the guidelines range, "ordinarily we would expect a sentence within the Guidelines range to be reasonable." *United States v. Talley*, 431 F.3d 784, 787-88 (11th Cir. 2005).

We reverse only if "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Irey*, 612 F.3d at 1190. "The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall*, 552 U.S. at 51, 128 S. Ct. at 597.

Hayden received a guideline sentence. The evidence showed that his computer had at least 91 notable files of child pornography, and he allowed videos to be downloaded by other users. In addition, the district court found that Hayden provided false testimony at trial. Also, the sentencing judge expressed concern

that Hayden was not remorseful and did not accept the seriousness of his offense. Given the seriousness of Hayden's offense and his lack of clear remorse, the district court's sentence was substantively reasonable.

Contrary to Hayden's assertions, the district court considered on the record Hayden's argument that the sentencing guidelines for receipt and possession of child pornography were inherently unreasonable. The district court acknowledged expressly that the guidelines were only advisory, but declined to impose a below-guidelines sentence.

We affirm Hayden's conviction and sentence.

**AFFIRMED.**