In the

# United States Court of Appeals

## For the Seventh Circuit

No. 12-2015

UNITED STATES OF AMERICA,

*Plaintiff-Appellee.*

*v.*

LARRY D. ROBINSON,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of Illinois.
No. 4:11 CR 40055-011-JPG—**J. Phil Gilbert**, *Judge*.

ARGUED MARCH 5, 2013—DECIDED APRIL 9, 2013

Before POSNER, KANNE, and WILLIAMS, *Circuit Judges*.

POSNER, *Circuit Judge*. A jury convicted the defendant of possessing child pornography, and the judge sentenced him to 108 months in prison (to be followed by a 10-year term of supervised release) after increasing his base offense level by 15 levels. At issue are two of the 15 levels—a two-level enhancement that the guidelines prescribe if the defendant, though not charged with the separate offense of distributing child pornogra-

phy, had in fact distributed the pornography that he possessed. U.S.S.G. § 2G2.2(b)(3)(F). This adjustment, which the judge thought applicable to the defendant, raised the defendant's guidelines sentencing range from 108 to 135 months to 135 to 168 months. But as the statutory maximum for the offense of possession was only 120 months at the time of the offense, see 18 U.S.C. § 2252(a)(4)(B) (2011), the judge could not sentence him within the higher range. The sentence of 108 months that the judge imposed was the floor of the lower range. (The judge could have given him an even lower sentence; there is no statutory minimum sentence for possession of child pornography.) If as the defendant argues the two-level increase for distribution was error, he is entitled to be resentenced, because the increase in the guideline range may have influenced the sentence that the judge gave him.

"Distribution" in the guideline is a term of art, because it includes not only what a lay person would describe as "distribution" but also "posting material . . . on a website for public viewing," U.S.S.G. § 2G2.2, application note 1, whether or not anyone actually views it. The defendant admitted in an interview by police to having downloaded quantities of child pornography through two peer-to-peer file-sharing computer programs, FrostWire and LimeWire, but he denies knowing that the files he downloaded could be viewed by other users of the programs.

The government denies that such knowledge is an element of the distribution guideline; it points out that the guideline does not specify that the defendant have

acted knowingly. But we agree with the Eighth Circuit's decision in *United States v. Durham*, 618 F.3d 921, 926-27 (8th Cir. 2010)—and thus disagree with the recent decision by the Tenth Circuit in *United States v. Ray*, 704 F.3d 1307, 1311-12 (10th Cir. 2013), which, surprisingly, does not cite or mention *Durham*—that the sentencing judge must find that the defendant either knew, or was reckless in failing to discover, that the files he was downloading could be viewed online by other people. It's true that by making child pornography accessible by other persons, even if unknowingly, a defendant may (if other persons do in fact access his files of child pornography—we don't know whether anyone did in this case) magnify the harm. See *United States v. Laraneta*, 700 F.3d 983, 991-92 (7th Cir. 2012). But strict liability is disfavored in the criminal context.

We are dealing with a 61-year-old man in very poor health who will receive a stiff prison sentence even if we vacate the current one, and who on release will be at low risk of recidivating because of the restrictions on access to online material that the conditions of supervised release (not challenged by him) impose. The judge told him at sentencing: "I don't think that you will ever do this again because you're not going to have the opportunity to do it again. Even when you get out, you're going to be under supervised release for a considerable period of time in which you will be monitored"—in fact 10 years. And the Sex Offender Registration and Notification Act imposes additional post-release restrictions. 42 U.S.C. §§ 16901 *et seq*. The Act requires each state to maintain a sex offender registry, § 16912, and

sex offenders to register in the state in which they live. § 16913. Illinois classifies persons convicted of child-pornography offenses as sex offenders and thus requires them to register, 730 ILCS 150/2(B)(1); 720 ILCS 5/11-20.1(a)(2), and forbids them to live within 500 feet of a school, park, or playground, 730 ILCS 150/8(a); 720 ILCS 5/11-9.3(d)(1)(i), (d)(2)(i), communicate with a minor other than the registrant's child or ward, 720 ILCS 5/11-9.3(b-20), or—of particular relevance to this case—have access to social networking websites while on supervised release. 730 ILCS 5/5-6-3.1(t).

The court in the *Ray* case based its ruling that the distribution guideline does not require that the defendant know that he's a distributor on the fact that the same application note that defines "distribution" defines "distribution to a minor" as "*knowing* distribution to an individual who is a minor at the time of the offense." U.S.S.G. § 2G2.2, application note 1 (emphasis added). Presumably the required knowledge is that the recipient is a minor, since in the absence of "knowing" it might well be assumed that liability is strict—that it's no defense that the minor looked like an adult—which was the traditional rule in statutory rape. To assume that by adding "knowing" to this definition the Sentencing Commission signaled that it's not required elsewhere in the guideline is a stretch.

In U.S. Sentencing Commission, *Report to Congress: Federal Child Pornography Offenses* 33, 324 (Dec. 2012), www.ussc.gov/Legislative_and_Public_Affairs/Congress ional_Testimony_and_Reports/Sex_Offense_Topics/2012

12_Federal_Child_Pornography_Offenses/index.cfm
(visited March 20, 2013), the Commission noted the
disagreement between *Ray* and *Durham* and remarked
that "the guideline could be amended to better dis-
tinguish between more and less culpable distribution
conduct." The Commission itself could of course amend
the guidelines to make clear that knowledge is or is
not required. But because of the strong influence that
Congress traditionally has exerted on the Commission
with respect to child pornography guidelines, see
*United States v. Garthus*, 652 F.3d 715, 721 (7th Cir. 2011);
Note, John Gabriel Woodlee, "Congressional Manipula-
tion of the Sentencing Guideline for Child Pornography
Possession," 60 *Duke L.J.* 1015, 1032-33 (2011), the Com-
mission has been reluctant to amend those guide-
lines without congressional guidance—which it has
sought on past occasions. See U.S. Sentencing Commission,
*Report to the Congress: Sex Offenses Against Children* 39-
41 (June 1996), www.ussc.gov/Legislative_and_Public_
Affairs/Congressional_Testimony_and_Reports/
Sex_Offense_Topics/199606_RtC_Sex_Crimes_Against_
Children/199606_RtC_SCAC.PDF (visited March 20,
2013). Congress responded to the request in the Protec-
tion of Children from Sexual Predators Act of 1998, Pub.
L. No. 105-314, 112 Stat. 2974, 2982, § 506.

  A person who downloads files from a file-sharing
program might, though knowing that the downloaded
files were accessible by other subscribers to the pro-
gram, not realize that this made him a "distributor." And
while persons generally are charged with knowledge
of the criminal law (though with exceptions, see, e.g.,

*Cheek v. United States*, 498 U.S. 192, 199-201 (1991); *Lambert v. California*, 355 U.S. 225, 228 (1957)), it is not clear whether this presumption extends to advisory sentencing guidelines. *United States v. Ortiz-Graulau*, 526 F.3d 16, 19 (1st Cir. 2008), intimates that it may not. See also *United States v. Chavez-Diaz*, 444 F.3d 1223, 1230 (10th Cir. 2006). No matter; the defendant has made no issue of his knowledge of the meaning of "distribution," so we limit our consideration to the question of his knowledge (a question of fact) that the files he downloaded were accessible by other users of the two programs.

The presentence investigation report, the accuracy of which the defendant does not challenge, states that in an interview by law enforcement officers he admitted being "aware that LimeWire and FrostWire were programs designed to share files and videos," but said that "he did not realize he was distributing child pornography through these programs." The second part of the statement is ambiguous; it is unclear whether he meant he didn't understand that making files accessible is a form of distribution, or that, while knowing that the programs are designed for sharing, he didn't know that the files he had downloaded were shareable. The report further states that he "had settings to allow sharing," but it is unclear whether this means more than that the two programs that he downloaded had settings that *could* allow sharing.

The district judge did not mention knowledge in his very brief sentencing statement. But the defendant's lawyer had not objected to anything in the presentence

report, and one thing in it was a recommendation for the two-level enhancement for distribution. We can reverse therefore only if the error in imposing that enhancement without a judicial finding of knowledge can be said to be a "plain" error.

A judge in sentencing is required to calculate the applicable guidelines range correctly, though no longer bound to adhere to it. If, as we have just held, knowledge that one's files are accessible online is a prerequisite for a sentence enhancement for distribution, then if conjecture is the only basis for an inference of knowledge, the defendant is entitled to be resentenced.

In arguing that he knew the files he downloaded on LimeWire and FrostWire were shareable, the government relies primarily on the presentence investigation report, which as we said is ambiguous. And there was evidence at trial that the defendant is barely computer literate. The government mentions briefly and without particulars that it presented a Power Point demonstration of peer-to-peer file sharing at the trial, but, remarkably, does not bother to tell us what the demonstration revealed. The defendant's lawyer does not mention the demonstration. Yet it is the key evidence bearing on the defendant's knowledge.

The demonstration, which is on a computer disk in the record, consists basically of four computer screens in the FrostWire program. We have reproduced the screens in the appendix to this opinion. (Unfortunately the reproductions are not very legible.) The opening screen introduces the program and provides search capability. The

top of the screen reads "FrostWire: Share it with your friends." The bottom left-hand corner of the screen contains the legend "View My 0 Shared Files." The second screen provides search and download information, and on the third screen "View My 0 Shared Files" changes to "View My 1 Shared Files" after a box on the screen reveals that an image entitled "sunset" has been downloaded. Clicking on the word "sunset" in the box generates the image, which is shown on the fourth screen.

To make sense of these references to sharing requires some computer savvy. For none of the screens explains what files are "shared files." When "0 Shared Files" changes to "1 Shared Files" a person reading the screen might well surmise that the reason for the change was the downloading of the "sunset" file—that it was now a shared file and that shared files are accessible automatically to other persons online. But someone who knew little about computers and had never seen a file-sharing program before might not realize that. And while at the time the defendant downloaded child pornography the default settings on the FrostWire program made all downloaded files shared files, he may not have realized that either. He may have thought that to make his files shareable would require him to click "View My [] Shared Files." Had that been true, he would not have been distributing downloaded files within the meaning of the distribution guideline unless he did click on that box. He may have thought it *was* true, or simply not have thought about the question at all.

The government has, we conclude, clearly failed as yet to prove that the defendant *knowingly* made files of

child pornography available to other users of LimeWire or FrostWire. The judgment is therefore vacated and the case remanded. At the resentencing hearing the prosecutor will have an opportunity to present evidence as to what the defendant knew or probably knew.

VACATED AND REMANDED.

**APPENDIX: FROSTWIRE SCREENS**







