11-4820-cr
United States v. Reed

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of November, two thousand thirteen.

PRESENT:  Ralph K. Winter,
          Rosemary S. Pooler,
          Denny Chin,
                    Circuit Judges.

- - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
                    Appellee,

                    -v-                              11-4820

JESSE REED,
                    Defendant-Appellant.

- - - - - - - - - - - - - - - - - - - - - -x

FOR APPELLEE:            Tamara B. Thompson and Brenda K.
                        Sannes, Assistant United States
                        Attorneys, for Richard S. Hartunian,
                        United States Attorney for the Northern
                        District of New York, New York.

FOR DEFENDANT-APPELLANT: Charles F. Willson, Nevins Law Group LLC, East Hartford, Connecticut.

Appeal from the United States District Court for the Northern District of New York (Mordue, J.).

**UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED** and the case is **REMANDED** for further proceedings.

Defendant-appellant Jesse Reed pled guilty, without a plea agreement, to one count of receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A), and one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). The district court (Mordue, J.) sentenced Reed principally to 120 months' imprisonment on each count, to be served concurrently.

On appeal, Reed challenges the procedural reasonableness of his sentence, specifically the district court's two-level increase in his offense level pursuant to U.S. Sentencing Guidelines Manual ("U.S.S.G." or "Guidelines") § 2G2.2(b)(3)(F). We apply de novo review to the district court's rulings on questions of law, including Guidelines interpretation, and clear-error review to its rulings on questions of fact, including those that inform Guidelines

2

application.  See United States v. Legros, 529 F.3d 470, 474 (2d Cir. 2008).[1]

We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues presented for review.

Section 2G2.2(b)(3) of the Guidelines provides a range of enhancements for child pornography offenses involving distribution.  A five-level enhancement applies if the offense involved distribution "for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain." § 2G2.2(b)(3)(B).  Pursuant to § 2G2.2(b)(3)(F), a two-level enhancement applies if the offense involved distribution other than distribution described in § 2G2.2(b)(3)(A) through (E).

We recently held in United States v. Reingold, 731 F.3d 204 (2d Cir. 2013), that the distribution enhancement under U.S.S.G. § 2G2.2(b)(3)(F) applies when a defendant "knowingly plac[es] child pornography files in a shared folder on a peer-to-peer file-sharing network . . . even if no one actually obtains an image from the folder."  Id. at 229 (internal quotation marks and citation omitted).  Accordingly, while there is no requirement of intent to distribute for § 2G2.2(b)(3)(F)

---

[1]    The government argues that plain error review applies as Reed did not specifically object to the two-level enhancement.  We disagree.  Reed made a lack of knowledge argument in opposing the five-level enhancement.

to apply, there is a knowledge requirement: the defendant must know that depositing files into the folder will make the files available to others.  Indeed, we observed that the record in Reingold made "plain that [defendant] . . . knew from the start that distribution was a necessary condition of receipt . . . and, with that knowledge, took deliberate and purposeful actions to effect that distribution."  Id. (internal citations omitted).

Reed argues that there is insufficient evidence to support the district court's application of a two-level enhancement pursuant to § 2G2.2(b)(3)(F).  We do not decide the legal sufficiency of the evidence, but we remand for further proceedings.  Where, as here, the district court failed to make a finding of fact necessary to apply an enhancement under the Guidelines, we vacate the sentence and remand the case for further proceedings.  See, e.g., United States v. Scotti, 47 F.3d 1237, 1251-52 (2d Cir. 1995).

The pre-sentence report recommended a five-level enhancement pursuant to § 2G2.2(b)(3)(B).  In his sentencing memorandum, Reed objected to the enhancement, arguing "[t]here is no proof in the probation report or in any of the discovery materials . . . that Mr. Reed was aware of or made a conscious

4

decision to activate 'file sharing' on his computer because he received or expected to receive something of value."  At sentencing, the district court agreed that the five-level enhancement was unwarranted "because there is no evidence that [Reed] shared or distributed child pornography in anticipation of or while reasonably believing in the possibility of the receipt of child pornography in return."  Instead, the district court explained it was applying the two-level enhancement pursuant to § 2G2.2(b)(3)(F) "because the forensic evidence confirms that more than 600 image and video files of child pornography were located in peer-to-peer sharing folders on [Reed's] computer and these files are being offered for sharing."

The district court did not, however, make any finding as to whether Reed "knowingly plac[ed]" child pornography files into shared folders.  Reingold, 731 F.3d at 229 (internal quotation marks and citation omitted).  Indeed, Reed specifically argued, albeit in the context of the enhancement under § 2G2.2(b)(3)(B), that there was no evidence that he was aware "file sharing" was activated on his computer.

We acknowledge that there is evidence in the record that Reed was a sophisticated and long-time computer user.

5

While these facts arguably could support an inference that Reed knew he was placing files in a peer-to-peer sharing folder, the district court did not make such a finding, as Reingold requires.  We remand in accordance with the procedures of United States v. Jacobson, 15 F.3d 19, 22 (2d Cir. 1994), for the district court to consider the question, after giving the parties an opportunity to be heard.[2]

Accordingly, we **VACATE** the judgment of the district court and **REMAND** the case for further proceedings as consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[2]      In the interest of judicial economy, this panel will retain jurisdiction over any subsequent appeal.  See Jacobson, 15 F.3d at 22. Accordingly, either party may notify the Clerk of a renewed appeal within fourteen days of the district court's decision.