# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 24, 2010

Lyle W. Cayce
Clerk

No. 09-30841
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GEORGE L. ROMAN, III,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:08-CR-227-1

Before DeMOSS, STEWART, and ELROD, Circuit Judges.

PER CURIAM:[*]

George L. Roman, III, appeals the 210-month sentence he received for knowingly and intentionally distributing child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A). He asserts that the district court erroneously imposed a five-level enhancement under U.S.S.G. § 2G2.2(b)(3)(B) based upon a finding that his offense involved the distribution for the receipt, or expectation of receipt, of a thing of value. He argues that, although there was evidence that he distributed and received child pornography, there was no indication that he

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

distributed the offending images either for the purpose of receiving images in return or with the expectation that he would receive images in response. He contends that he only responded to requests from unidentified users in an online chat room and that his conduct did not involve an in-kind transaction for a thing of value.

We review the district court's interpretation and application of the Guidelines de novo and its factual determinations for clear error. *United States v. Rodriguez-Mesa*, 443 F.3d 397, 401 (5th Cir. 2006). Section 2G2.2(b)(3)(B) provides for a five-level enhancement if the offense involved the distribution of images "for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain." § 2G2.2(b)(3)(B). The application notes to § 2G2.2 elaborate on the kind of distribution to which subdivision (b)(3)(B) was intended to apply: "[A]ny transaction, including bartering or other in-kind transaction, that is conducted for a thing of value, but not for profit." § 2G2.2 cmt. n.1. In a case involving the exchange of child pornographic material, the "thing of value" is "the child pornographic material received in exchange for other child pornographic material bartered in consideration for the material received." *Id.*

The record supports that the district court properly found that Roman was subject to an enhancement under § 2G2.2(b)(3)(B). Roman not only distributed images to like-minded individuals in a chat room related to child pornography, he also received a large number of child pornography images from others and downloaded images originating from the chat room. His exchange of images with other purveyors of child pornography supports that he had an interest in facilitating a continuing relationship involving the reciprocal transfer of images, i.e., Roman distributed images with the expectation that he would receive other images of child pornography or maintain a relationship with others who distributed child pornography.

Roman also acknowledged that he traded child pornography with other online users. The act of trading amounts to a quid-pro-quo exchange conforming

with the commentary's definition of the type of distribution that qualifies for an enhancement under § 2G2.2(b)(3)(B) (i.e., "bartering or [any] other in-kind transaction"). § 2G2.2 cmt. n.1. The district court therefore did not err in applying a five-level enhancement pursuant to § 2G2.2(b)(3)(B).

AFFIRMED.