**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 2, 2011

No. 10-10493
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STACY ONKEN,

Defendant-Appellant.

* * * * * * * * * * * * * *

No. 10-10575
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PATRICK A. CALLAWAY,

Defendant-Appellant.

---

Appeals from the United States District Court
for the Northern District of Texas
No. 4:09-CR-152-1
No. 4:09-CR-171-1

---

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

In this consolidated appeal, Stacy Onken and Patrick Callaway appeal their sentences for receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2) and (b)(1). They contend that the district court erroneously applied the five-level enhancement in U.S.S.G. § 2G2.2(b)(3)(B) for distributing child pornography for the receipt, or expectation of receipt, of a thing of value but not for pecuniary gain.

Onken and Callaway were sophisticated users of computers and the file-sharing program who knowingly made their child pornography files available to others and obtained child pornography files from the file-sharing network. Their knowing contribution to the exchange of images of child pornography shows that they had an interest in facilitating access to child pornography so that they could obtain more of it from the file-sharing network. The district court did not err in finding that they distributed child pornography with the expectation of receiving child pornography. *See United States v. Roman*, 393 F. App'x 149, 149-50 (5th Cir.), *cert. denied,* 131 S. Ct. 964 (2010); *United States v. Moore*, 328 F. App'x 308, 309 (5th Cir. 2009); *United States v. Sistrunk*, No. 01-30974, 2002 WL 971623, at *1 (5th Cir. May 3, 2002) (unpublished).

The judgments are AFFIRMED.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.