# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 2, 2011

Lyle W. Cayce
Clerk

No. 10-30234

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHRISTOPHER J. COMEAUX,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:05-CR-20183-1

Before REAVLEY, GARZA, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Defendant Christopher Comeaux was convicted by a jury on one count of production of child pornography ("Count One") and one count of possession of child pornography ("Count Two"). When calculating Comeaux's sentence, the district court imposed several enhancements for specific offense characteristics, including a four level enhancement pursuant to § 2G2.1(b)(4) of the Sentencing Guidelines, to each count because the material portrayed "sadistic or masochistic conduct or other depictions of violence." Comeaux appeals the four level

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

enhancement to Count One, arguing that the depictions do not rise to the level of sadistic, masochistic or violent. Judge Minaldi has answered that contention and we affirm the judgment.

We review a district court's interpretation of the Sentencing Guidelines *de novo*. *United States v. Lyckman*, 235 F.3d 234, 237 (5th Cir. 2000). "The district court's findings of fact and application of the Sentencing Guidelines to the specific facts of the case, however, are reviewed for clear error." *Id.*

Comeaux began a two-year pattern of sexual abuse of his step-daughter when she was 8 years old, culminating in the videotape that is the basis for his indictment and subsequent conviction by a jury for production of child pornography, in violation of 18 U.S.C. § 2251(a). When his step-daughter was approximately 10 years old, Comeaux video-taped himself (1) performing oral sex on the child, including penetrating her with his tongue, (2) directing her to insert her fingers into her vagina and use a vibrator, and (3) forcing her to perform oral sex on him.

In calculating the offense level for count one, the Presentence Investigation Report ("PSR") included a four point enhancement pursuant to § 2G2.1(b)(4) for "material that portrays sadistic or masochistic conduct or other depictions of violence." Comeaux objected. In a written ruling, the district court overruled Comeaux's objection, stating that the act of penetration of the victim by the defendant's tongue was sadistic. Citing our definition of sadism, "infliction of pain upon a love object as a means of obtaining sexual release," the court went on to add that the emotional damage and pain of the abuse suffered by the child victim in this case was immeasurable. *See Lyckman*, 235 F.3d at 238–39 (defining sadism). At Comeaux's sentencing, the district court again addressed Comeaux's objection, saying

> sadism does not always involve pain alone. It also involves humiliation. And even if one might think there was no physical

pain involved in this crime for which he was convicted, there is certainly the factor of humiliation which was made painfully evident to [the jury] during the trial when the victim testified from the witness stand, and this is something I will never forget.

On appeal, Comeaux argues that the district court was wrong to apply the enhancement because (1) the district court incorrectly applied the "penetrative sex" rule to an act that was not inherently physically painful, and (2) application of the enhancement for the acts depicted is duplicative because all of the factors that make the act reprehensible are fully accounted for in both the base offense level and the other specific offense characteristics applied by the district court. We disagree.

The so-called penetrative sex rule is not a rule, but rather an amalgam of cases that attempt to determine in an ad hoc manner what types of acts would qualify as sadistic or violent. In *United States v. Lyckman*, we agreed with the Second, Seventh, and Eleventh Circuits that sexual penetration of a child by an adult male likely causes pain and, therefore, qualifies as sadistic or violent within the meaning of the guideline. 235 F.3d at 238–39. Comeaux argues that because he penetrated his step-daughter with his tongue, he did not cause her pain and, thus, did not commit a sadistic or violent act. We need not descend into the abyss of deciding where or whether a line could be drawn delineating which types of penetration are per se sadistic or violent because even absent the depiction of penetration, the district court correctly applied the enhancement.

Violent acts or acts that cause physical pain to a child easily fall within the plain language of the guideline. However, although acts that inflict pain upon the child victim are sadistic and violent per se within the meaning of the guidelines, an absence of physical pain is not per se outside the ambit of the enhancement for sadistic acts under § 2G2.1(b)(4). "[S]adism . . . do[es] not necessarily require violent conduct." *United States v. Turchen*, 187 F.3d 735, 739 (7th Cir. 1999). "[S]adistic and masochistic conduct includes sexual

gratification which is purposefully degrading and humiliating, conduct that causes mental suffering or psychological or emotional injury in the victim." *Id.* In fact, many depictions which are unarguably sadistic in nature do not involve violence or pain, but rather subjugation and humiliation. *See, e.g., United States v. Wolk*, 337 F.3d 997, 1007–08 (8th Cir. 2003) (pictures of young girl in a collar were sadistic); *Turchen*, 187 F.3d at 740 (picture of adult males urinating on the face of a grimacing child were sadistic). In *Lyckman*, we held that the photographs at issue depicted conduct that "caused the children pain, physical *or emotional* or both." *Id.* at 239 (emphasis added). And dictionaries define sadism to include mental and emotional pain. *See e.g.,* WEBSTER'S NEW COLLEGIATE DICTIONARY 1018 (1977) ("[A] sexual perversion in which gratification is obtained by infliction of physical or mental pain on others."). Infliction of emotional pain may sometimes be classified as sadistic for the guideline.

This is not to say that any depiction that may have caused emotional trauma to the child victim is per se sadistic. We hold only that where, as here, a district court finds that the child victim depicted in the child pornography at issue was humiliated or debased, the enhancement for depictions of sadistic or masochistic conduct or other depictions of violence may apply. In this case, we agree with the district court that the enhancement does apply. The district court observed the child victim's testimony during a jury trial and made a factual finding on the record at sentencing that the child victim had been humiliated. Comeaux has not argued that the district court's finding was clearly erroneous. Because we hold that emotional trauma such as humiliation or debasement may be sadistic, the district court did not err in applying the enhancement to the facts in this case.

Comeaux also argues that all the factors making the act reprehensible have been fully addressed in the base offense level and the other specific

No. 10-30234

characteristics enhancements. Comeaux's adjusted offense level was 44. The district court enhanced the base offense level of 32 by 2 levels pursuant to § 2G2.1(b)(1)(A) because the victim was less than 12 years old; 2 levels pursuant to § 2G2.1(b)(2)(A) because the offense involved the commission of a sexual act or sexual contact; 2 levels pursuant to § 2G2.1(b)(5) because the defendant was the child victim's stepfather; and 4 levels pursuant to § 2G2.1(b)(4) because the acts depicted were sadistic for a total of 44. Only the increase for sadistic harm to which Comeaux subjected his step-daughter accounts for the four level enhancement.

AFFIRMED.