**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 26, 2012

No. 11-31110
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RONNY LEE DESADIER, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:11-CR-35-1

Before REAVLEY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Ronny Lee Desadier, Jr., pleaded guilty pursuant to a written plea agreement to distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A). He was sentenced below the advisory guideline range to 120 months of imprisonment. He appeals his sentence, arguing that the district court erred in applying a four-level enhancement under U.S.S.G. § 2G2.2(b)(4), based on its finding that the offense involved material that portrayed sadistic images; the district court erred in applying a two-level enhancement under

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 2G2.2(b)(6), based on the use of a computer; the district court erred in applying a five-level enhancement under § 2G2.2(b)(3)(B), based on its finding that the offense involved the distribution of pornographic materials for the receipt of a thing of value, but not for pecuniary gain; and the district court erred in denying his request for a downward departure based on what he contends was his role as a minimal participant in the offense.

Following *United States v. Booker*, 543 U.S. 220 (2005), sentences are reviewed for reasonableness in light of the sentencing factors in § 3553(a). *United States v. Mondragon-Santiago*, 564 F.3d 357, 360 (5th Cir. 2009). Where, as in this case, the defendant raised his arguments in the district court, we review the district court's interpretation and application of the Guidelines de novo and the district court's factual findings and application of the Guidelines to the specific facts of the case for clear error. *See United States v Lyckman*, 235 F.3d 234, 237 (5th Cir. 2000).

Desadier argues that the four-level increase under § 2G2.2(b)(4) was not warranted because the district court made no findings of fact regarding what images portrayed sadistic conduct and because the photographs show no evidence of actual pain. We have held that the sexual penetration of a child by an adult male is conduct that "cause[s] . . . pain, physical or emotional or both, and therefore constitutes sadism or violence within the meaning of [§ 2G2.2(b)(4)]." *Id.* at 239. Further, in considering what acts qualify as sadistic or violent, we have recognized that "although acts that inflict pain upon the child victim are sadistic and violent per se within the meaning of the guidelines, an absence of physical pain is not per se outside the ambit of the enhancement for sadistic acts" under § 2G2.2(b)(4). *United States v. Comeaux*, 445 F. App'x 743, 745 (5th Cir. 2011). Sadistic conduct can include sexual gratification that is purposefully degrading and humiliating to the victim. *Id.*

The Government, in its appellate brief, specifically describes the photographs that were submitted as exhibits at sentencing and reviewed by the

district court in camera, and Desadier does not refute that the photographs depict the images described by the Government. The photographs contain the same kind of images that this court has found to be sadistic, *see Lyckman*, 235 F.3d at 239; *Comeaux*, 445 F. App'x at 745, and we are satisfied that those images were viewed by the district court. The district court did not err in applying the four-level enhancement under § 2G2.2(b)(4) based on those images.

Desadier also argues that the application of the two-level enhancement under § 2G2.2(b)(6) constituted unwarranted double-counting because the statute of conviction contemplates the use of a computer to commit the crime as one of the elements of the offense. Although § 2552A(a)(2)(A) provides that the offense can be committed by "any means or facility of interstate or foreign commerce . . . including by computer," § 2G2.2(b)(6) does not expressly forbid double-counting. Thus, the district court's application of the Guideline did not constitute impermissible double-counting. *See United States v. Calbat*, 266 F.3d 358, 364 (5th Cir. 2001) (holding that double-counting is prohibited only if the relevant Guideline expressly forbids it).

We also find that the district court did not err in applying a five-level enhancement under § 2G2.2(b)(3)(B). Although Desadier argues that a purely gratuitous dissemination of pornographic images should not trigger the enhancement, this court has upheld § 2G2.2(b)(3)(B) enhancements in other cases presenting facts similar to those here at issue. *See United States v. Onken*, 440 F. App'x 304, 305 (5th Cir. 2011); *United States v. Moore*, 328 F. App'x 308, 309 (5th Cir. 2009); *United States v. Roman*, 393 F. App'x 149, 149-50 (5th Cir. 2010), *cert. denied*, 131 S. Ct. 964 (2011). In those cases, we held that defendants who, like Desadier, shared child pornography on peer-to-peer networks properly received § 2G2.2(b)(3)(B) enhancements because their actions evidenced an interest in sharing and receiving child pornography. While these cases are not binding, they are persuasive. *See Ballard v. Burton*, 444 F.3d 391, 401 & n.7 (5th Cir. 2006).

No. 11-31110

Finally, to the extent that Desadier argues that the district court erred in its resolution of his motion for a downward departure, we lack jurisdiction to review the district court's refusal to depart downwardly. *See United States v. Sam*, 467 F.3d 857, 861 (5th Cir. 2006). To the extent that Desadier challenges the district court's failure to apply an adjustment under § 3B1.2, the district court's determination was not clearly erroneous. *See United States v. Villanueva*, 408 F.3d 193, 203 (5th Cir. 2005). Desadier was held accountable for distributing child pornography, and the record reflects that he understood how the file-sharing system worked and knowingly distributed hundreds of images of child pornography to others. Thus, the district court did not err in refusing to apply a minimal-participant adjustment under § 3B1.2. *See* § 3B1.2, comment. (n.2); *Villanueva*, 408 F.3d at 203-04; *United States v. Garcia*, 242 F.3d 593, 598-99 (5th Cir. 2001).

The judgment of the district court is AFFIRMED.