# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-41346
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 6, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

VANESSA LISLA CLOUD,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:14-CR-130

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:*

Vanessa Cloud appeals the application of the "sadism" enhancement under U.S.S.G. § 2G2.1(b)(4) to her offense of aiding and abetting sexual exploitation of a child. Cloud contends that the sadism enhancement requires a finding that she "purposefully" intended to humiliate or degrade her son.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-41346

Because the district court did not clearly err in making the factual determination that Cloud's conduct was sadistic, we AFFIRM.

## I.

Vanessa Cloud confessed to Child Protective Services that she had been sexually molesting her then seven-year-old son, John Doe. Cloud admitted that she performed oral sex on Doe; that Doe had sucked her breast and penetrated Cloud's vagina with his sexual organ and fist; and that Doe's father had videotaped the activity. When Doe was eight years old, he was interviewed and said that he had had sexual intercourse with his mother and he had been made to do "sexual things." Cloud's cell phone was seized and found to contain five videos—all showing sexual activity between Cloud and John Doe with both giggling during oral sex.

Cloud pleaded guilty to aiding and abetting the sexual exploitation of a child for the purpose of producing child pornography, in violation of 18 U.S.C. §§ 2251(a), 2251(e), and 2. The Presentence Report applied the four-point section 2G2.1(b)(4) enhancement for an offense that involved material portraying sadistic or masochistic conduct or other depictions of violence. Cloud objected on the ground that humiliation "was not the purpose behind the material being made the way it was made." She also argued that her conduct lacked the traditional hallmarks of sadism, and that her conduct didn't "rise to a level of humiliation" under the guidelines. The government agreed with Cloud and added that in this case, unlike others in which the enhancement had been applied, it was the mother rather than the child who was penetrated. In response to Cloud's objections, the probation office stated that the sadism enhancement was appropriate because "the victim was debased, causing mental pain, for the purpose of sexually gratifying the defendant." The district court rejected Cloud's objection and the government's concurrence stating:

2

No. 14-41346

This law protects all children. There is lifelong humiliation and degradation to these children from the behavior in Count One. A mother imposing upon a seven-year-old child an act that she did of oral sex and then attempting an act of intercourse and then also achieving penetration of herself by another one of his limbs humiliates and degrades children. You cannot take the definition of what would humiliate and degrade an adult and apply it to children to the same degree. Children are more sensitive, have less defenses built into themselves, a greater trust of adults. Their relationship is totally different. How John Doe will get over those memories is John Doe's struggle.

The district court then adopted the PSR "as written."

## II.

Whether the district court correctly interpreted the Sentencing Guidelines is a question of law that we review *de novo. United States v. Lyckman*, 235 F.3d 234, 237 (5th Cir. 2000). But the district court's application of the Sentencing Guidelines to the facts of the case are reviewed only for clear error. [1] *Id.*

## III.

Section 2G2.1(b)(4) applies when the "offense involved material that portrays sadistic or masochistic conduct or other depictions of violence." U.S.S.G. § 2G2.1(b)(4). The Guidelines do not define the term "sadistic." We thus have interpreted "sadistic conduct" by looking to Webster's definition of sadism — "the infliction of pain upon a love object as a means of obtaining sexual release," the "delight in physical or mental cruelty," and the use of "excessive cruelty." *Lyckman*, 235 F.3d at 238 n.19. We have also noted that

---

[1] The government argues that Cloud's objections in the district court were insufficient to alert the court to Cloud's argument on appeal. An objection must be sufficiently specific to alert the court to the nature of the error argued on appeal. *United States v. Neal*, 578 F.3d 270, 272 (5th Cir. 2009). The record reflects that Cloud's objections, insofar as they centered on whether the material depicted sadistic conduct for purposes of § 2G2.1(b)(4), sufficiently alerted the district court to the argument that Cloud raises on appeal.

application of the enhancement is warranted when the "sexual act depicted is likely to cause pain in one so young." *Id.* at 238. And we have not limited pain to the physical type. *See id.* at 239 ("[T]he conduct depicted by the photographs caused the children pain, physical or emotional or both, and therefore constitutes sadism or violence within the meaning of the guideline."); *United States v. Comeaux*, 445 F. App'x 743, 745 (5th Cir. 2011) ("[A]n absence of physical pain is not per se outside the ambit of the enhancement for sadistic acts under § 2G2.1(b)(4)").

Cloud argues that our case law requires a specific finding that the defendant engaged in the conduct for the purpose of degrading and humiliating the victim, a finding that she contends the district court did not make. She relies on the following sentence in *Comeaux*: "sadistic and masochistic conduct includes sexual gratification which is purposefully degrading and humiliating." 445 F. App'x at 745. This gives too much effect to a single sentence in an unpublished opinion that did not purport to describe the only situation to which the enhancement applies, especially when the holding in that same opinion refers not to intent but to effect: "We hold only that where, as here, a district court finds that the child victim depicted in the child pornography at issue was humiliated or debased, the enhancement . . . may apply." *Id.* at 746. That effect on the victim has often been the inquiry in our case law. *See Lyckman*, 235 F.3d at 239 (finding that the "conduct depicted by the photographs caused the children pain, physical or emotional or both" and "therefore constitutes sadism . . . within the meaning of the guideline"); *United States v. Desadier*, 495 F. App'x 501, 502 (5th Cir. 2012); *see also United States v. Maurer*, 639 F.3d 72, 80 (3d Cir. 2011) (finding that the enhancement should apply "whenever an image depicts sexual activity involving a prepubescent minor that would have caused pain"); *United States v. Delmarle*, 99 F.3d 80, 83 (2d Cir. 1996) ("whatever might be inferred as to the purpose of the act

depicted or the reaction of the actor, it was within the court's discretion to conclude that the subjection of a young child to a sexual act that would have to be painful is excessively cruel and hence is sadistic"). And the Guideline itself does not require a "purposeful" finding. U.S.S.G. § 2G2.1(b)(4).

Because the district court was not required to separately find that Cloud "purposefully" intended to humiliate or degrade John Doe through her conduct, we only need review for clear error its finding that the conduct portrayed was in fact "humiliating and degrading" for the seven-year-old victim.

That is not a difficult determination. The district court correctly recognized that application of the sadism enhancement to cases involving young victims is not limited to the situation when an adult male penetrates a young girl. *Lyckman*, 235 F.3d at 239. The horrendous conduct inflicted on John Doe in this case can easily support a finding that he was humiliated and degraded. The judgment is AFFIRMED.