# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 5, 2009

Charles R. Fulbruge III
Clerk

No. 09-30096
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

CHRISTOPHER JACK,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:08-CR-00167

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Christopher Jack pleaded guilty to being a felon in possession of firearms and ammunition. On appeal, Jack raises only one issue: whether a prior conviction for violating La. Rev. Stat. § 14:94 was a conviction for a "crime of violence" within the meaning of Section 2K2.1(a)(2) of the Sentencing Guidelines. We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The Presentence Report (PSR) assigned an offense level of 24 to Jack's current conviction, reasoning that he committed the "instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense." U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 2K2.1(a)(2) (2008). After making other calculations not in dispute here, the PSR arrived at a total offense level of 30. With a criminal history score of IV, Jack's guidelines range was 135-168. However, because the statutory maximum for this offense was lower than the range–120 months–the statutory maximum became the guidelines sentence. U.S.S.G. § 5G1.1(a); *United States v. Allison*, 63 F.3d 350, 354 (5th Cir. 1995).

Jack does not dispute that he has one conviction for a controlled substance offense; he disputes only the nature of the §14:94 offense. He argues that if that conviction had not been counted as a crime of violence, he would have had a guidelines range of 100-125 months (capped at the 120-month statutory maximum).

Jack concedes that he failed to raise this issue before the district court such that the plain error standard applies. We pretermit the question of whether his § 14:94 conviction is a crime of violence[1] because we conclude that, if the district court erred, it is (1) harmless error and (2) not plain error.

---

[1] We note the likelihood that it is a crime of violence. Section 14:94(A) defines the illegal use of a weapon as the "intentional or criminally negligent discharging of any firearm . . . where it is foreseeable that it may result in death or great bodily harm to a human being." The PSR asserts that Jack was convicted of "illegal discharge of a weapon" and sentenced to six years of hard labor. It appears that Jack could have only received "six years of hard labor" for violating subsection E of § 14:94, because the PSR reveals no prior convictions under this statute within the preceding five years and does not indicate that he was sentenced under the habitual offender provision for this offense. Subsection E states: "Whoever commits the crime of illegal use of weapons . . . by discharging a firearm from a motor vehicle . . . , where the intent is to injure, harm, or frighten another human being, shall be imprisoned at hard labor for not less than five nor more than ten years . . . ." Read together, subsections A and E constitute a crime that "presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a)(2); *see also Begay v. United States*, 128 S. Ct. 1581, 1584-88 (2008) (stating the residual clause references conduct that is "purposeful, violent and aggressive").

If the Government can show that the district court would have pronounced the same sentence regardless of any error in calculating the guidelines range, then the resulting error is harmless. *United States v. Delgado-Martinez*, 564 F.3d 750, 753 (5th Cir. 2009). We note that the sentence imposed was within the guidelines range which Jack contends is the correct one. Further, the district court clearly stated that it would have preferred to assess a higher sentence but was constrained by the statutory maximum.[2] In response to this assertion in the Government's brief, Jack did not file a reply pointing to any contrary indication by the district court, and we have found none. Thus, we conclude that the error, if any, is harmless.

Even if we were to conclude that the district court's intent was unclear, we would still affirm. Unlike the statutes in the cases that Jack relies upon, the "least culpable" conduct required to violate § 14:94 still requires that it be "foreseeable that it may result in death or great bodily harm to a human being." Thus, in a "typical case" such a crime "presents a serious potential risk of physical injury to another." *See United States v. Harrimon*, 568 F.3d 531, 536 (5th Cir. 2009) (construing "violent felony" and holding that it is not necessary that "every conceivable factual offense covered by a statute must necessarily present a serious potential risk of injury" if the "typical case" violation would do so) (internal citation and quotation marks omitted), *petition for cert. filed*, __ U.S.L.W. __ (U.S. Sept. 8, 2009) (No. 09-6395). Where, as here, a strong argument can be made that Jack was convicted of a crime of violence, any error in so holding is not "plain." *See United States v. Ellis*, 564 F.3d 370 (5th Cir. 2009), *cert. denied*, 78 U.S.L.W. 3175 (U.S. Oct. 5, 2009) (No. 08-11135).

---

[2] "I can't go any higher than [the statutory maximum] by law. There are some instances that I'm looking at in your background that would indicate a higher sentence is appropriate, but not when Congress has passed a law that says 120 months, maximum."