# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50272

United States Court of Appeals
Fifth Circuit

**FILED**
April 28, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

PETER ABRAHAM GROCE,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

EDITH H. JONES, Circuit Judge:

Peter Groce pleaded guilty to one count of receiving child pornography in violation of 18 U.S.C. § 2252(a)(2). In calculating Groce's guidelines range, the district court applied enhancements for distributing child pornography for the receipt of a non-pecuniary thing of value under U.S.S.G. § 2G2.2(b)(3)(B) and engaging in a pattern of activity involving sexual abuse or exploitation of a minor under U.S.S.G. § 2G2.2(b)(5). As calculated by the PSR, Groce's guidelines range was 360 months to life imprisonment. The district court sentenced Groce to 240 months imprisonment—the statutory maximum.

On appeal, Groce argues that the district court incorrectly applied the distribution and pattern-of-activity enhancements. He also contends his

No. 14-50272

sentence is substantively unreasonable.  Because Groce's arguments are meritless and any error was harmless, we AFFIRM.

## BACKGROUND

The arguments Groce makes on appeal require briefly examining the graphic details of his crime.  On July 16, 2011, law enforcement in Converse, Texas received information that Groce had exposed himself to two underage girls while they were playing video games at his house.  Groce then began touching himself and asked the girls if they wanted to touch his genitals.  A few minutes later, Groce stood up while still exposed, approached the girls, and began jumping up and down.

When the police confronted Groce, he admitted that the incident had occurred.  Groce had been watching child pornography, when one of the girls entered the room.  Groce did not attempt to pull his pants up or cover himself. Instead, he invited the child to touch his genitals, which she did momentarily before backing away.  Groce made similar advances on the second girl when she entered the room a few minutes later.  The second child, however, did not touch Groce's genitals.

After Groce described these events, police confiscated his computer and five CDs.  A search of the electronic media revealed forty-three images and twenty-three videos depicting adults engaging in sexual acts with minors. Some of the minors depicted were as young as eighteen months old.  The computer also contained a peer-to-peer file sharing program called "Frostwire." Groce admitted that he often installed and uninstalled file sharing programs like Frostwire to view child pornography.  When asked about the program, Groce said: "I was always careful not to allow anybody to download much off of me.  To be honest about it, it doesn't have anything to do with my feelings of distribution, it just has to do with I didn't want to get caught."  Groce's search history further revealed that he actively sought child pornography.  Groce

2

No. 14-50272

explained that he would enter terms like "lolita," and "pthc, which stands for preteen hardcore," into Frostwire or Google to find his desired content.  In addition to seeking child pornography, Groce also searched for information on "how to convince girls to have sex" and "how they convince kids to have sex."

Nearly a year later, in May 2012, Converse police again received a report that Groce had exposed himself to a minor.  This time, Groce lured the eleven year old victim behind a shed in his backyard.  Groce then unzipped his pants, exposed his genitals, and rubbed and squeezed them.  Disturbingly, the child indicated that similar incidents had occurred at least ten times in 2012, and forty times in 2011.

Converse police referred Groce's case to federal prosecutors.  A grand jury indicted Groce on one count of receiving child pornography in violation of 18 U.S.C. § 2252(a)(2) and two counts of possessing child pornography in violation of 18 U.S.C. § 2252(a)(4)(B).  In exchange for dismissing the two possession counts, Groce pleaded guilty to one count of receiving child pornography.  Groce's guideline range, according to the PSR, was 360 months to life imprisonment.  After hearing arguments on Groce's objections, the district court sentenced Groce to the statutory maximum of 240 months.  Groce now appeals his sentence.

## STANDARD OF REVIEW

This court reviews a sentencing decision for reasonableness using a two-step process. *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007).  First, the court determines whether the district court committed any significant procedural error. *Id.*  Under the first step, this court reviews "the district court's interpretation or application of the sentencing guidelines *de novo*, and its factual findings for clear error." *United States v. Scott*, 654 F.3d 552, 555 (5th Cir. 2011).  If there is no procedural error or the error is harmless, this court then reviews the substantive reasonableness of the sentence imposed

3

No. 14-50272

for abuse of discretion. *United States v. Delgado-Martinez*, 564 F.3d 750, 754 (5th Cir. 2009); s*ee also Gall*, 552 U.S. at 51, 128 S. Ct. at 597.

## DISCUSSION

Groce raises three major issues on appeal. First, Groce contends that § 2G2.2(b)(3)(B) does not apply because he never distributed the pornography or expected something of value in return. Second, Groce argues that § 2G2.2(b)(5) is inapplicable because he never abused or exploited children. Finally, Groce complains that his sentence is substantively unreasonable. We will discuss each contention.

I.

Groce first challenges the applicability of § 2G2.2(b)(3)(B). That section imposes a five-level enhancement if the offense involved "[d]istribution for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain." U.S.S.G. § 2G2.2(b)(3)(B). This includes any "bartering or other in-kind transaction, that is conducted for a thing of value, but not for profit." *Id.* cmt. n.1. The archetypal example involves the "bartering of child pornographic material . . . in exchange for other child pornographic material[.]" *Id.* Groce contends the enhancement does not apply because there is no evidence Groce distributed any child pornography and Groce never expected anything in return for sharing his files.

Generally, when a defendant knowingly uses peer-to-peer file sharing software, however, he engages in the kind of distribution contemplated by § 2G2.2(b)(3)(B). A peer-to-peer file sharing program "lets users exchange digital files through a network of linked computers." *United States v. Richardson*, 713 F.3d 232, 233 (5th Cir. 2013), *cert. denied*, 134 S. Ct. 230 (2013). By using this software as Groce has, the user agrees to distribute the child pornography on his computer in exchange for additional child

4

pornography.    This  is  precisely  the  kind  of  exchange  contemplated  by
§ 2G2.2(b)(3)(B).

This conclusion is nothing new.  Although this court has often held that knowing use of peer-to-peer file sharing software triggers § 2G2.2(b)(3)(B), we have not done so in a published opinion.  *See United States v. Flores*, 540 F. App'x 405, 405 (5th Cir. 2013) (unpublished) (applying § 2G2.2(b)(3)(B) because "[t]he undisputed evidence shows that Flores had the necessary technological understanding of the peer-to-peer file sharing software to use the software to obtain images of child pornography");  *United States v. Desadier*, 495 F. App'x 501, 503 (5th Cir. 2012) (unpublished) (same); *United States v. Onken*, 440 F. App'x 304, 305 (5th Cir. 2011) (unpublished) (same); *United States v. Moore*, 328 F. App'x 308, 309 (5th Cir. 2009) (unpublished) (applying § 2G2.2(b)(3)(B) because "[w]here . . . the defendant uses file-sharing software to obtain images of child pornography, there is a natural expectation that he will do his bit for the relationship by sending or continuing to send his own images in return") (internal  quotation  marks  omitted)).    Based  on  § 2G2.2(b)(3)(B)  itself,  its accompanying comments, and these persuasive cases, we now formally adopt this longstanding interpretation.

Groce  knowingly  used  Frostwire,  a  type  of  peer-to-peer  file  sharing software  to  download  and  distribute  child  pornography.    Groce  admitted installing and uninstalling peer-to-peer software numerous times.  Groce was familiar with search terms that return images of child pornography.  Groce knew that other users could download his files and that, by allowing users to do so, he would be distributing child pornography.  Finally, Groce admitted that he "was always careful not to allow anybody to download *much* off of me," implying that he knowingly let some users download from him.  The district

court thus correctly concluded that Groce distributed child pornography in exchange for a non-pecuniary thing value.[1]

## II.

Next, Groce challenges the application of § 2G2.2(b)(5), which imposes a five-level enhancement if the defendant "engag[ed] in a pattern of activity involving the sexual abuse or exploitation of a minor." This enhancement does not apply, according to Groce, because his conduct only involved exposure, "and never involved contact of any kind." Therefore, Groce never abused or exploited a minor within the meaning of § 2G2.2(b)(5).

The guidelines define sexual abuse or exploitation of a minor as: (A) conduct described in various federal statutes, (B) an offense under state law that would violate the same federal statutes if the offense occurred in the territorial jurisdiction of the United States, or (C) an attempt or conspiracy to commit any of the offenses under (A) or (B). U.S.S.G. § 2G2.2 cmt. n.1. One of the federal statutes referenced in subsection (A) is 18 U.S.C. § 2241, which among other things prohibits knowingly engaging in a sexual act with a person under the age of 12. 18 U.S.C. § 2241(c). Consequently, § 2G2.2(b)(5) applies if Groce engaged or attempted to engage in a sexual act with a minor on two or more occasions.

Although Groce did not engage in a sexual act with a minor, the district court found that in June 2011 and May 2012 Groce attempted to engage in

---

[1] On appeal, Groce also contends that he is entitled to a two-level decrease under § 2G2.2(b)(1). But § 2G2.2(b)(1) and § 2G2.2(b)(3) are opposite sides of the same coin. A finding that (b)(3) applies requires finding that the defendant distributed child pornography. *See* U.S.S.G. § 2G2.2(b)(3). On the other hand, a finding that (b)(1) applies requires the opposite—a finding that the defendant did *not* distribute child pornography. *See* U.S.S.G. § 2G2.2(b)(1) ("If . . . the defendant's conduct was limited to the receipt or solicitation of material involving the sexual exploitation of a minor . . . decrease by 2 levels"). Accordingly, a finding that (b)(3) applies necessarily precludes a finding that (b)(1) applies. That the district court here properly applied § 2G2.2(b)(3)(B) disposes of Groce's claim that § 2G2.2(b)(1) applies.

sexual acts with minors in the incidents described above. The court was also aware of Groce's longstanding interest in child pornography and in investigating topics like "how to convince girls to have sex."

Whether all of the perverse conduct together amounted to a pattern of activity involving the sexual abuse or exploitation of a minor under § 2G2.2(b)(5) is not entirely clear. We need not resolve the question, however, because even were we to agree with Groce that the district court erroneously applied § 2G2.2(b)(5), any error was harmless.[2] *See United States v. Ibarra-Luna*, 628 F.3d 712, 713-14 (5th Cir. 2010) (holding that an error in the calculation of the applicable Guidelines range is subject to harmless error analysis). An erroneous guidelines range calculation is harmless if "(1) [ ] the district court would have imposed the same sentence had it not made the error, and (2) [ ] it would have done so for the same reasons it gave at the prior sentencing." *Id.* at 714.

To satisfy these requirements, there must be "evidence in the record that will convince [this court] that the district court had a particular sentence in mind and would have imposed it, notwithstanding the error." *Id.* at 718 (footnote and quotation marks omitted). That the actual sentence fell within the properly calculated Guidelines range is relevant to the harmless-error inquiry, but not dispositive. *United States v. Harris*, 597 F.3d 242, 261-62 (5th Cir. 2010). Whether the district court applied the maximum allowable sentence is likewise relevant to the harmless-error inquiry. *See United States*

---

[2] Although the Government has not argued harmless error, "[t]his court can, in its discretion, consider the harmless error [argument] *sua sponte.*" *Jones v. Cain*, 600 F.3d 527, 541 (5th Cir. 2010) (citing *United States v. Vontsteen*, 950 F.2d 1086, 1091-92 (5th Cir. 1992)). As the following discussion will show, the district court resolved to sentence Groce to the statutory maximum, notwithstanding the guidelines range, because of the "nastiness of this crime." There is no doubt that it would impose the same sentence on remand. Therefore, we exercise our discretion to address the harmless error question *sua sponte*.

*v. Self*, 461 F. App'x 375, 378-79 (5th Cir. 2012) (unpublished); *United States v. Jack*, 352 F. App'x 919, 921 (5th Cir. 2009) (unpublished);[3] *see also United States v. Jones*, 435 F.3d 541, 543 (5th Cir. 2006) (holding the fact that the district court would have imposed the maximum sentence under either a mandatory or advisory guideline scheme rendered any *Booker* error harmless).

Both harmless error elements are met here. At Groce's sentencing, the district court asked what the guidelines range would be if it sustained all Groce's objections. The probation officer reported that, under Groce's preferred calculation, the guidelines range would be 33-60 months. The district court then considered the probation officer's calculation (360 months to life) and Groce's range (33-60 months) and said:

> [O]ut of an abundance of caution, if the appellate court should find that the objections should have been sustained, the Court finds that the guideline – the guidelines are advisory anyway. And *given the nastiness of this crime*, other than just the child pornography itself, which is bad enough -- but the Court is going to sentence, taking into account all of th[ese] particular considerations[.]

Later, the district court reiterated that "the Court is going to impose a sentence because of the facts of this case," not because of the sentencing guidelines range. The court found Groce's case "unique" because it had never seen someone convicted of receiving child pornography "act out" like Groce. Due to these factors, the district court sentenced Groce to the statutory maximum. The court's imposition of the maximum allowable sentence also favors finding any error was harmless, particularly because we have concluded that at least one of the challenged enhancements was correctly applied. With only the § 2G2.2(3)(B) enhancement, Groce's recommended guidelines range would be

---

[3] Although these cases are non-precedential, we find these cases persuasive. *See Ballard v. Burton*, 444 F.3d 391, 401 & n.7 (5th Cir. 2006).

No. 14-50272

235-240 months, and his 240-month sentence is within this potential guidelines range. *See Harris*, 597 F.3d at 261-62.    Were the court given the duty to resentence on remand, we have no doubt that it would impose the same 240-month sentence.    Therefore, any conceivable error was harmless.

III.

Groce's last argument is that his sentence is substantively unreasonable. This court reviews the substantive reasonableness of a sentence for abuse of discretion.    *Gall*, 552 U.S. at 51, 128 S. Ct. at 597.    "A discretionary sentence imposed within a properly calculated guidelines range is presumptively reasonable."    *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008) (internal citation omitted).    "The presumption is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors."    *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009) (internal citation omitted).

Here, the district court carefully considered the circumstances of the crime (including the number of photos and videos found, Groce's prior conduct with minors, the youth of the victims depicted, and the abusive nature of the depictions); Groce's attempts at reform while incarcerated pending sentencing; his familial support network, remorse, and potential for rehabilitation; and the danger to the public.    It also reviewed the sentences imposed in other child pornography cases, acknowledged that Groce himself had been sexually abused as a child, and recognized the addictive nature of Groce's conduct.    As a result, Groce has failed to show that his sentence "does not account for a factor that should receive significant weight, [ ] gives significant weight to an irrelevant or improper factor, or [ ] represents a clear error of judgment in balancing

9

No. 14-50272

sentencing factors." *Cooks*, 589 F.3d at 186. The district court did not abuse its discretion.

For these reasons, we **AFFIRM** the sentence.