# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-50206

United States Court of Appeals
Fif h Circuit

**FILED**
November 7, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

> Plaintiff-Appellee

v.

TRAVIS JASON WINSTEAD, also known as Travis Winstead, also known as Travis J. Winstead,

> Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:14-CR-522-1

Before JONES, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

A jury convicted Travis Jason Winstead of one count of receiving child pornography and two counts of possessing child pornography. The district court imposed a total sentence of 292 months of imprisonment. Finding no merit in the issues he raises on appeal, we AFFIRM.

Winstead first contends that evidence FBI agents obtained during an interview with him while other agents were conducting a search of his home

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

should have been suppressed because he was not first provided with the warnings required by *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602 (1966). Winstead did not move to suppress this evidence on this basis in the district court and thus has waived the issue.  *See United States v. Chavez-Valencia*, 116 F.3d 127, 129-33 (5th Cir. 1997).  Moreover, had he simply forfeited the issue, he nonetheless would not prevail because the testimony did not establish that he was subject to a custodial interrogation and he thus has not shown clear or obvious error.  *See United States v. Pope*, 467 F.3d 912, 919 n.20 (5th Cir. 2006); *United States v. Harrell*, 894 F.2d 120, 124 (5th Cir. 1990) (identifying factors relevant to determining whether a person is in custody and thus entitled to *Miranda* warnings).

Asserting that possessing child pornography is a lesser-included offense of receiving child pornography, Winstead next contends that his convictions are multiplicitous and thus violate the prohibition against double jeopardy.  He raised this issue in the district court only after trial and before sentencing; thus, he has waived any challenge to multiplicity in the indictment.  *See United States v. Galvan*, 949 F.2d 777, 781 (5th Cir. 1991).  However, Winstead may challenge his separate sentences because the district court ordered one of the possession sentences to be served consecutively to the sentence for receipt and ordered separate monetary assessments for each count.  *See United States v. Reedy,* 304 F.3d 358, 364 n.1 (5th Cir. 2002); *Galvan*, 949 F.2d at 781.  Our review is de novo.  *United States v. Woerner*, 709 F.3d 527, 538 (5th Cir. 2013).

The rule against multiplicity, which derives from the Double Jeopardy Clause of the Fifth Amendment, "prohibits the Government from charging a single offense in several counts and is intended to prevent multiple punishments for the same act."  *United States v. Kimbrough*, 69 F.3d 723, 729 (5th Cir. 1995).  Convictions are multiplicitous where, as relevant here, the

defendant is charged with and convicted of violating two distinct statutes based on the same underlying conduct where one statute is a lesser-included offense of the other. *Blockburger v. United States*, 284 U.S. 299, 304, 52 S. Ct. 180, 182 (1932); *Woerner*, 709 F.3d at 539. However, regardless whether possessing child pornography is a lesser-included offense of receiving it, Winstead's sentences are not multiplicitous because the Government presented evidence that a large number of images and videos containing child pornography were downloaded and possessed on Winstead's computers during the separate time periods alleged in the indictment for Count I (the "receiving" count) and Counts II and III (counts concerning "possession" on different computers). The court carefully charged the jury on the distinct elements of each count. Because the jury could have determined that Winstead received and possessed different depictions of child pornography at different times, the offenses did not involve the "same act or transaction" and so were not based on the same underlying conduct. *Blockburger*, 284 U.S. at 304, 52 S. Ct. at 182.

Winstead also challenges the district court's application of the five-level enhancement under U.S.S.G. § 2G2.2(b)(3)(B) (2015) based on a finding that he distributed child pornography while expecting to receive a non-pecuniary thing of value in return. The application of this enhancement is appropriate where, as here, a defendant knowingly[1] uses a peer-to-peer file sharing

---

[1] The court is satisfied that the facts support the inference that Winstead *knowingly* used the peer-to-peer file sharing program to distribute the child pornography on his computer in exchange for additional child pornography. The evidence established that Winstead was the sole user of each computer in his home and that he had modified the program's default settings to minimize, but not eliminate, the ability of the program to upload or share files with other users. This attempt at minimization demonstrates that Winstead knew the program made his files available to other users. Moreover, he admitted to the FBI that he generally understood how peer-to-peer programs worked. The presentence report, which the district court adopted, explicitly noted this fact. Thus, Winstead is unlike the defendant in *United States v. Scott*, where this court observed "no evidence that Scott 'knew that others could download his files' and 'knowingly let some users download from him.'" 821 F.3d 562, 569 (5th Cir. 2016) (citations omitted).

program.    In doing so, the defendant "agrees to distribute the child pornography on his computer in exchange for additional child pornography," which is "precisely the kind of exchange contemplated" by the Guideline. *United States v. Groce*, 784 F.3d 291, 294-95 (5th Cir. 2015); *see* § 2G2.2(b)(3)(B) & cmt. n.1 (2015).  Thus, the district court committed no error. *See Groce*, 784 F.3d at 294-95.

To the extent that Winstead asserts that his 292-month sentence exceeds the statutory maximum sentence, he is incorrect.  He was convicted of three counts, each of which carried a statutory maximum sentence of 20 years, meaning that his total statutory maximum sentence was 720 months.  *See* 18 U.S.C. § 2252A(a)(2), (a)(5)(B), (b)(1), (b)(2).  His 292-month sentence falls far short of this threshold.  Moreover, a district court may impose consecutive sentences to achieve an aggregate sentence that falls within the guidelines range.  *See United States v. Heard*, 709 F.3d 413, 426 (5th Cir. 2013).  When the court imposed consecutive sentences, his final sentence was at the very bottom of the recommended guidelines range.

Finally, Winstead contends that his sentence is substantively unreasonable.  He argues that the Guideline applicable to child pornography offenses lacks an empirical basis and thus overstated the seriousness of his offense because it failed to distinguish between his conduct and that of the most culpable offenders.  He also argues that the sentence was greater than necessary to deter future criminal conduct and to protect the public and that it failed to account for his remorse, receptivity to treatment, poor physical and mental health, military record, and lack of criminal history.

The assertion that § 2G2.2 lacks an empirical basis and therefore does not sufficiently distinguish among the relative culpability of child pornography offenders is insufficient to establish that Winstead's sentence is substantively

unreasonable. *See United States v. Miller*, 665 F.3d 114, 119-23 (5th Cir. 2011). His remaining arguments amount to a disagreement with the balance among the sentencing factors that the district court struck, essentially asking this court to reweigh those factors, which it will not do. *See United States v. McElwee*, 646 F.3d 328, 344-45 (5th Cir. 2011). Winstead has not shown that the district court did not account for a factor that should have received significant weight, gave significant weight to an irrelevant or improper factor, or committed clear error of judgment in balancing sentencing factors. *See United States v. Jenkins*, 712 F.3d 209, 214 (5th Cir. 2013). Accordingly, he has not overcome the presumption that his within-guidelines sentence is reasonable.

**AFFIRMED**.