# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-10233
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 5, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PEDRO JOSE MEZA,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:15-CR-265-1

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Defendant-Appellant Pedro Jose Meza appeals the 50-year (600-month) sentence imposed after he pleaded guilty to producing child pornography, a violation of 18 U.S.C. § 2251(a), and distributing child pornography, a violation of 18 U.S.C. § 2252(a)(2). He first contends that the district court erred by increasing his offense level under U.S.S.G. § 2G2.2(b)(6) for using "a computer or an interactive computer service," based on his use of a cell phone to produce,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

store, and distribute images. He also contends that the court should have considered two juvenile adjudications as "sex offense conviction[s]" under U.S.S.G. § 4B1.5(a), which would have precluded their use to increase his offense level by five levels under § 4B1.5(b)(1) for engaging "in a pattern of activity involving prohibited sexual conduct."

If Meza were to prevail on both claims, the advisory guideline range would have been lowered from "life" to "360 months to life" but statutorily capped at 600 months. If only one of Meza's claims were to fail, his guideline range would be unchanged. In any event, the statutory maximum sentences would have remained 30 years for production and 20 years for distribution.

We do not need to address Meza's particular claims because any error – about which we make no finding -- would have been harmless. *See* FED. R. CRIM. P. 52(a) ("Any error, defect, irregularity, or variance that does not affect substantial rights must be disregarded."). An error in the guideline calculation is harmless "only if the proponent of the sentence convincingly demonstrates both (1) that the district court would have imposed the same sentence had it not made the error, and (2) that it would have done so for the same reasons it gave." *United States v. Ibarra-Luna*, 628 F.3d 712, 714 (5th Cir. 2010); *see United States v. Groce*, 784 F.3d 291, 296 (5th Cir. 2015). Factors relevant to the harmless-error inquiry include whether the sentence was within the properly calculated guidelines range and whether the court applied the maximum possible sentence. *Groce*, 784 F.3d at 296.

The district court said that it would impose the same sentence even if the advisory guideline range was 360 months to life. The court thus recognized that the guideline maximum sentence would be life, even though capped at 600 months, if Meza were correct on both of his claims, and that the sentence of 600 months was at the top of the correct guideline range. The court

No. 17-10233

emphasized Meza's well-documented and disturbing history of sexual abuse and resistance to treatment and reform.  The court also described Meza "as a very dangerous sexual predator who is unlikely to be able to be rehabilitated," and it expressed the need for "lengthy incarceration."  The court added that only a long prison sentence would "protect the public from the most heinous of crimes imaginable, sexual assaults upon children."

The evidence in the record convinces us "that the district court had a particular sentence in mind and would have imposed it" even if there had been an error in the guideline calculation.  *Groce*, 784 F.3d at 296.

The judgment is AFFIRMED.