# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-40163
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 31, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DESHAWN PAUL HALL, also known as Deshawn Paul Davis,

Defendant-Appellant

Appeals from the United States District Court
for the Eastern District of Texas
USDC No. 1:15-CR-114-1

Before KING, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Deshawn Paul Hall was convicted by a jury of being a felon in possession of a firearm and possession with intent to distribute and distribution of cocaine base. He was sentenced to the statutory maximum, 120 months of imprisonment, and three years of supervised release on the firearm offense and 155 months of imprisonment and six years of supervised release on the drug

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

offense, to be served concurrently to each other.  Hall now appeals his firearm conviction and his sentences.

Hall first argues that the evidence was insufficient to sustain his conviction for being a felon in possession of a firearm.  He preserved his challenge to the sufficiency of the evidence, and our review is de novo.  *See United States v. Frye*, 489 F.3d 201, 207 (5th Cir. 2007).  Hall contests only whether there was sufficient evidence that he knowingly possessed a firearm.

The evidence, viewed in the light most favorable to the Government with all reasonable inferences made in support of the jury's verdict, was sufficient to support that Hall had joint, constructive possession of the firearms.  *See United States v. Terrell*, 700 F.3d 755, 760 (5th Cir. 2012).  While not alone dispositive given that Hall was not the sole occupant of the residence where the firearms were recovered, the evidence supports that he exercised a degree of dominion and control over Mary Collier's residence where the firearms were discovered.  *See United States v. Hinojosa*, 349 F.3d 200, 203-04 (5th Cir. 2003); *United States v. De Leon*, 170 F.3d 494, 496 (5th Cir. 1999).  There was testimony that Hall and Collier were involved in a romantic relationship and that Hall lived at Collier's residence.  During the controlled drug buys, Hall would answer the door, lead an informant to the location of the drugs, sell the informant the drugs, and lead the informant back to the front door to leave the residence.  Evidence also showed that Hall installed a video surveillance system to monitor around the entire residence, and the monitors showing the surveillance were located in a spare room with Hall's other belongings.

The evidence further supports the inference that Hall had an ability to exercise dominion or control over the firearms.  *See De Leon*, 170 F.3d at 496. As a result of Hall's ongoing personal relationship with Collier, he had regular access to the master bedroom, which is where the firearms were recovered. The jury reasonably could have inferred that Hall's relationship with Collier

enabled him to exercise dominion or control over the firearms located in her residence. *See United States v. McKnight*, 953 F.2d 898, 903 (5th Cir. 1992) (noting that a defendant may exercise dominion or control directly or through another person).

Also, the evidence supports the inference that Hall was familiar with, and knew about, the firearms. *See United States v. Meza*, 701 F.3d 411, 419 (5th Cir. 2012). The evidence establishes that the firearms were in plain view at Collier's residence. The location of the firearms in a position that Hall could easily view and access supports an inference of constructive possession in the joint-occupancy context. *See Meza*, 701 F.3d at 421. Additionally, evidence at trial showed that there was a sign near the front door of Collier's residence declaring that there were firearms in the residence. Furthermore, when the officers were removing the firearms from the residence, Hall showed his familiarity with the firearms by correctly stating that one of the firearms did not have a clip in it.

Given the foregoing, a rational juror could have found that the evidence, viewed in a light most favorable to the verdict, supported Hall's conviction. *See United States v. Vargas-Ocampo*, 747 F.3d 299, 301 (5th Cir. 2014) (en banc); *Terrell*, 700 F.3d at 760. Therefore, Hall's conviction for being a felon in possession of a firearm is affirmed.

Hall next argues that his sentence is procedurally unreasonable. He asserts that the district court improperly considered his 2014 arrest and information concerning the obtainment of a rifle when determining his sentence. The information set forth in the Presentencing Report was based on proper, reliable materials. *See United States v. Harris*, 702 F.3d 226, 229 (5th Cir. 2012); *United States v. Johnson*, 648 F.3d 273, 276-77 (5th Cir. 2011); *United States v. Posada-Rios*, 158 F.3d 832, 881 (5th Cir. 1998). Because Hall failed to submit competent rebuttal evidence concerning this information, the

district court did not err in considering it.  *United States v. Alaniz*, 726 F.3d 588, 619 (5th Cir. 2013); *United States v. Parker*, 133 F.3d 322, 329 (5th Cir. 1998).

Next, Hall argues that the district court procedurally erred in calculating the guidelines range for Hall's drug conviction.  In particular, he contends that that the district court erred in determining the drug quantity for which he was accountable and imposing a two-level enhancement pursuant to U.S.S.G. § 2D1.1 because he possessed a dangerous weapon during a drug offense.

As Hall recognizes, the Presentencing Report grouped Hall's firearm and drug convictions.  The firearm conviction resulted in a higher base offense level, so this became the basis for Hall's guidelines calculations.  Thus, even if we were to assume procedural error as to Hall's drug conviction guidelines calculation, the error would be harmless.  *See United States v. Martinez-Romero*, 817 F.3d 917, 924 (5th Cir. 2016); *United States v. Groce*, 784 F.3d 291, 296 n.2 (5th Cir. 2015).

Hall then argues that the district court erred when it enhanced his firearm base offense level by two levels pursuant to § 2K2.1(b)(1)(A) because the offense involved three firearms, four levels pursuant to § 2K2.1(b)(6)(B) because Hall possessed the firearms in connection with a drug trafficking offense, and two levels pursuant to § 3C1.1 for obstruction of justice.

The arguments concerning these enhancements are unavailing.  To apply a sentencing enhancement, the district court must find facts supporting the enhancement by a preponderance of the evidence.  *United States v. Anderson*, 560 F.3d 275, 283 (5th Cir. 2009); *see also United States v. Juarez*, 626 F.3d 246, 251 (5th Cir. 2010) ("The government must prove sentencing enhancements by a preponderance of the evidence.").

The enhancement under § 2K2.1(b)(1)(A) was proper because whether Hall possessed three firearms was a critical issue at trial.  Because the jury

No. 17-40163

found Hall possessed three firearms, and as discussed above, there was sufficient evidence to support this finding, this enhancement was not applied in error. *See United States v. Ramos-Garcia*, 184 F.3d 463, 466 (5th Cir. 1999). The enhancement under § 2K2.1(b)(6)(B) was proper because again the facts supporting this enhancement were critical facts decided at Hall's trial. *See Ramos-Garcia*, 184 F.3d at 466. Lastly, the enhancement under § 3C1.1 for obstruction of justice was proper. The evidence submitted to the district court in support of this enhancement was sufficient and reliable, and Hall has not shown otherwise. *See Alaniz*, 726 F.3d at 619; *United States v. Nava*, 624 F.3d 226, 231 (5th Cir. 2010).

Accordingly, the judgment of the district court is AFFIRMED.