# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-20230
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 24, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff−Appellee,

versus

ERIC FURZLAND,

Defendant−Appellant.

Appeal from the United States District Court
for the Southern District of Texas
No. 4:17-CR-292-1

Before SMITH, WIENER, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Eric Furzland appeals the 288-month sentence imposed for distributing,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

receiving, and possessing child pornography.  Furzland maintains that the district court incorrectly enhanced his advisory guideline range by five levels for distributing child pornography in exchange for valuable consideration. U.S.S.G. § 2G2.2(b)(3)(B).  We review the district court's factual findings for clear error and its application of the sentencing guidelines *de novo*.  *United States v. Halverson*, 897 F.3d 645, 651 (5th Cir. 2018) (citing *United States v. Groce*, 784 F.3d 291, 294 (5th Cir. 2014)).

This guideline was amended in 2016 to apply if "the defendant agreed to an exchange with another person under which the defendant knowingly distributed [child pornography] to that other person for the specific purpose of obtaining something of valuable consideration from that other person, such as other child pornographic material." § 2G2.2, comment. (n.1).  We require four findings to apply this guideline:  The defendant (1) agreed to an exchange with another person, (2) knowingly distributed child pornography to that person, (3) had the purpose of obtaining something of valuable consideration, and (4) received valuable consideration from that person.  *See Halverson*, 897 F.3d at 652.  The district court erred by inferring that Furzland distributed child pornography to another person for valuable consideration merely because the ChatStep program allows him to exchange files with other users.  The district court did not make the necessary findings under the amended guideline.

The government has not shown that the error was harmless.  *See United States v. Ibarra-Luna*, 628 F.3d 712, 714, 719 (5th Cir. 2010).  Accordingly, the judgment of sentence is VACATED and REMANDED for resentencing.