# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
December 3, 2021

Lyle W. Cayce
Clerk

No. 21-50318
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Jeremy David Farley,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:19-CR-249-4

---

Before Barksdale, Willett, and Duncan, *Circuit Judges*.

Per Curiam:*

Jeremy David Farley was convicted of conspiring to possess, with intent to distribute, 50 grams or more of actual methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846. Farley was sentenced to, *inter alia*, a within-Sentencing-Guidelines term of 360-months'

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

imprisonment. He challenges the district court's application of a two-level sentencing enhancement under Guideline § 2D1.1(b)(1) for possession of a firearm.

Although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, as in this instance, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Our court need not decide whether the court procedurally erred in applying Guideline § 2D1.1(b)(1) because the calculation error, if any, was harmless, and our court may *sua sponte* consider harmlessness. *See United States v. Groce*, 784 F.3d 291, 296 n.2 (5th Cir. 2015), *superseded by regulation on other grounds as stated in United States v. Halverson*, 897 F.3d 645, 651–52 (5th Cir. 2018). A sentencing error is harmless if it does not affect defendant's Guidelines sentencing range. *See United States v. Chon*, 713 F.3d 812, 822 (5th Cir. 2013) (concluding challenged errors did not affect defendant's sentencing range). To that end, the enhancement did not affect Farley's sentencing range of 360 months to life. Moreover, the error, if any, in applying the enhancement did not affect the court's selection of the sentence. *See Delgado-Martinez*, 564 F.3d at 753 (noting remand not required if "error did not affect the district court's selection of the sentence imposed" (citation omitted)).

AFFIRMED.